IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **City of Chicago,** ) | |
| Plaintiff, ) | |
| ) | No: 19 C 1817 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| **Motive Power Systems, Inc.,** ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss [24] is denied.

### STATEMENT

Pursuant to an October 2012 contract, the City agreed to buy five electric refuse trucks ("ERTs") from Motiv. On January 6, 2014, Motiv provided the City with the first ERT. The City alleges that since the date of delivery, the ERT "has experienced mechanical and software problems [,which have] regularly prevented the City from using the vehicle altogether." (Compl., Dkt. # 1-1, ¶ 49.) The City now sues Motiv, alleging breach of contract (Count I); indemnity (Count II); and breach of express warranty (Count III). Motive filed a counterclaim alleging breach of contract and breach of the duty of good faith.

**Standard**

In considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *See Boucher v. Finance Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, a claim must be plausible; "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Analysis**

<u>Indemnification Claim</u>

Motiv moves to dismiss the indemnification claim on the ground that the indemnification provision in the contract applies only to third-party actions, not first-party claims between the parties' themselves. The relevant provisions state that:

**3.27 Indemnity**

[Motiv] must defend, indemnify, keep and hold harmless the City, its officers, representatives, elected and appointed officials, agents and employees from and against all losses, including those related to:

1. Injury, death or damage of or to any person or property;
2. Any infringement or violation of any property right (including any patent, trademark or copyright);
3. [Motiv's] failure to perform or cause to be performed [Motiv's] covenants and obligations as and when required under the Contract, including [Motiv's] failure to perform its obligations to any subcontractor;
4. The City's exercise of its rights and remedies under this Contract; and
5. Injuries to or death of any employee of [Motiv] or any subcontractor under any workers compensation statute.

"Losses" means, individually and collectively, liabilities of every kind, including Losses, damages and reasonable costs, payments and expenses (such as, but not limited to, court costs and reasonable attorneys' fees and disbursements) claims, demands, actions, suits, proceedings, judgments, or settlements, any or all of which in any way arise out of or relate to Contractor's breach of this Contract or to Contractor's negligent or otherwise wrongful acts or omissions or those of its officers, agents, employees, consultants, subcontractors or licensees.

(Contract, Dkt. # 1-1, § 3.27.)

"In Illinois, a contractual indemnification clause may be 'broad enough to encompass claims for both first-party and third-party claims for indemnity.'" *Walgreen Co. v. Panasonic Healthcare Corp. of N. Am.*, No. 17 C 2120, 2017 WL 6731973, at *4 (N.D. Ill. Dec. 29, 2017) (citation omitted). "[A] party wishing to narrow an indemnification clause to third-party damage is obligated to limit the scope of the clause expressly; and absent such express limitation, indemnification clauses may apply to damage suffered by the contracting parties themselves." *Water Tower Realty Co. v. Fordham 25 E. Superior, LLC*, 936 N.E.2d 1127, 1133-34 (Ill. App. Ct. 2010) (citation omitted). Because there is no express language limiting the scope of the clause to only third-party claims, and the definition of losses is quite broad, the motion to dismiss the indemnification claim is denied.

<u>Breach of Warranty</u>

Motiv next argues that the breach of warranty claim is barred by the statute of limitations. Illinois provides that "[a] breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is

or should have been discovered." 810 ILCS 5/2-725(2).  According to Motiv, it tendered delivery of the ERT on January 6, 2014, so the breach of warranty limitations period expired on January 6, 2018.  Because the suit was filed on February 14, 2019, Motiv contends it is time barred.

The City argues that Motiv never tendered delivery of the ERT because under the contract provision designated "Delivery," Motiv had to "deliver the specified vehicles or equipment, complete with all attachments and ready for use."  (Contract, Dkt. # 1-1, § 4.19.)  Further, the contract states that Motiv "will be responsible for the contracted quality and standards of all materials, components, or completed work furnished under this contract up the time of final acceptance by the City."  (*Id.*, § 3.34.)  The City asserts that the ERT was never tendered to it "ready for use," and the City could not have committed to a "final acceptance" of the ERT because it has been subject to chronic breakdowns and remains currently inoperable.  Whether delivery of the ERT was tendered pursuant to the terms of the contract is an issue of fact that is not properly resolved at the motion to dismiss stage.

**Conclusion**

For the reasons stated above, the motion to dismiss is denied.

**Date**: July 9, 2019

_____
**Ronald A. Guzmán**
**United States District Judge**